# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ANDRE JEFFERSON HOLMES,**

    Appellant,

vs.                                    Case No. 4:11cv390-WS/WCS

**EDUCATIONAL CREDIT**
**MANAGEMENT CORPORATION,**

    Appellee.

_____/

## REPORT AND RECOMMENDATION

This matter is before me on appeal from the United States Bankruptcy Court, Northern District of Florida.  Because the Appellant is *pro se*, the case is referred to me for entry of a report and recommendation.

Appellant filed a notice of appeal from the bankruptcy proceeding, doc. 1, and appellee filed a motion to dismiss the appeal as untimely, doc. 2.  Appellant who is *pro se*, has filed a response, doc. 3, and the motion to dismiss should be denied..

**Motion to Dismiss, doc. 2**

On June 17, 2011, the Bankruptcy Court entered a judgment in favor of Appellee, finding that Appellant's educational loans could not be discharged in the bankruptcy

proceeding. Doc. 2, p. 1. Pursuant to Rule 8002, a notice of appeal must be filed within fourteen days of entry of judgment. *Id.* Appellee acknowledges that Appellant filed a notice of appeal on July 1, 2011, which was the fourteenth day, but contends that the notice improperly stated that Appellant was appealing the order "granting Defendant's motion to intervene and denying Plaintiff's motion to deny third party's motion to intervene entered in this adversary proceeding on" June 17, 2011. Doc. 2, p. 2. Thus, although the notice of appeal was timely filed, the notice indicated it was appealing an order which was entered on May 8, 2009, rather than the order of judgment entered on June 17, 2011. *Id.*

Aware of the inconsistencies, the Clerk of Court issued a Notice of Deficiency (doc. 70, Bankruptcy Case) on July 7, 2011, giving notice that there was a discrepancy in the title of the order being appealed and the date entered on the docket. *Id.*, at 2. Appellant was directed to cure the deficiency immediately. *Id.* Appellee contends that Appellant was to "respond to the Notice of Deficiency by July 11, 2011." *Id.* Nothing was filed by Appellant until July 15th, when an Amended Notice of Appeal was filed. *Id.*, at 3. That notice stated that Appellant sought to appeal "the judgment of the bankruptcy judge granting final judgment for defendant entered in this adversary proceeding on the 17th day of June, 2011." *Id.*

Appellee also notes that when Appellant filed his Designation of Record and Statement of Issues to be Presented on Appeal, he designated six issues, five of which concerned the order granting Appellee's motion to intervene, and one arguing that the Bankruptcy Court erred by denied Appellant's motion for default as to Defendant Sallie Mae. *Id.*, at 3.

Case No. 4:11cv390-WS/WCS

**Response, doc. 3**

Appellant contends that the notice of appeal was timely filed and is valid because under Rule 8001(a), the "failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal."  Doc. 3, pp. 1-2.  Thus, Appellant contends the notice was timely filed on July 1st, and the filing of the amended notice of appeal on July 15, 2011, "does not alter the validity of the original Notice of Appeal."  *Id.*, at 2.  Further, Appellant argues that the Clerk's issuance of the notice of deficiency "did not indicate a response date."  *Id.*, at 3.  Moreover, the Clerk verbally advised Appellant on July 6, 2011, "that deficiency correction was due by the date the Designations were due."  *Id.*

**Analysis**

Under § 158(a), a federal district court has jurisdiction to hear appeals from final judgments, orders and decrees of bankruptcy courts within its district.  28 U.S.C. § 158(a).  To take an appeal, Bankruptcy Rule 8001(a) provides, in relevant part, that the appellant's notice of appeal "shall (1) conform substantially to the appropriate Official Form, (2) contain the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their respective attorneys, and (3) be accompanied by the prescribed fee."  Fed. R. Bankr. P. 8001(a).  The Rule further provides that "[a]n appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court . . . deems appropriate, which may include dismissal of the appeal ."  *Id.*

> The 'Official Form' referenced in Rule 8001(a), Official Form 17, calls for essentially the same information as Fed. R.App. P. 3(c)(1) requires in a notice of appeal from a district court judgment or order. Thus, the cases addressing the appellate rule provide guidance in interpreting the requirements of Rule 8001(a).

In re Connolly North America, LLC, 432 B.R. 244, 247 (E.D. Mich., 2010). The requirements of Appellate Rule 3 are that a "notice of appeal must: (A) specify the party or parties taking the appeal by naming each one in the caption or body of the notice . . . (B) designate the judgment, order, or part thereof being appealed; and (C) name the court to which the appeal is taken." Fed.R.App.P. 3(c)(1).

Additionally, "[a]n appeal must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice." Fed. R. App. P. 3(c)(4). The advisory committee's notes to Rule 3 provide that "it is important that the right to appeal not be lost by mistakes of mere form." The notes also provide:

> Finally, the rule makes it clear that dismissal of an appeal should not occur when it is otherwise clear from the notice that the party intended to appeal. If a court determines it is objectively clear that a party intended to appeal, there are neither administrative concerns nor fairness concerns that should prevent the appeal from going forward.

Fed. R. App. 3 (advisory committee's notes). "[S]o long as the function of notice is met by the filing of a paper indicating an intention to appeal, the substance of the rule has been complied with." Advisory Committee Notes, Fed. R. App. P. 3, *citing* Cobb v. Lewis, 488 F.2d 41 (5th Cir. 1974); Holley v. Capps, 468 F.2d 1366 (5th Cir. 1972).[1]

---

[1] Decisions of the former Fifth Circuit rendered before October 1, 1981 are binding precedent in the Eleventh Circuit. *See* Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc); Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126, n.3 (11th Cir. 1997).

"The Supreme Court has emphasized that 'imperfections in noticing an appeal should not be fatal where no genuine doubt exists about who is appealing, from what judgment, [and] to which appellate court.' "  Becker v. Montgomery, 532 U.S. 757, 767, 121 S.Ct. 1801, 1808, 149 L.Ed.2d 983 (2001), *quoted in* In re Connolly North America, LLC, 432 B.R. 244, 247 (E.D. Mich., 2010).  Similarly, the Sixth Circuit has construed Becker "as indicating that the courts should 'liberally construe the requirements of Rule 3 to permit notices of appeal technically at variance with the letter of a procedural rule but that amount to the functional equivalent of what the rule requires.' "  Isert v. Ford Motor Co., 461 F.3d 756, 759 (6th Cir.2006) (internal quotation marks and citations omitted), *quoted in* In re Connolly, 432 B.R. at 247.

Rule 8002 sets forth the fourteen day time limit for filing a notice of appeal. Courts have held that the rule "applies equally to amended notices of appeal as well as notices of appeal."  In re Burns, 322 F.3d 421, 430 (6th Cir. 2003).  It is true that an amended notice cannot circumvent Rule 8002's time limit for filing notices of appeal if the party is "amending an earlier notice to add parties or claims long after the proper period had expired."  F.P.P. Enters. v. United States, 830 F.2d 114, 118 (8th Cir. 1987), *quoted in* In re Burns, 322 F.3d at 430.

The final judgment at issue here was entered in favor of Appellee on June 17, 2011.  Doc. 1-2.  That judgment concluded that Appellant's student loan debt owed to Appellee was not dischargeable under 11 U.S.C. § 523(a)(8).  *Id.*  The notice of appeal filed by the *pro se* Appellant was timely filed on July 1st, on the fourteenth day.[2]  While

---

[2] Pursuant to Rule 8002(a), a "notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from." Fed.R.Bankr.P. 8002(a).

Appellant's notice was timely filed after the entry of judgment, named an earlier order as the order from which the appeal was taken, it plainly said that the order from which an appeal was taken was entered on June 17, 2011. That was the order finding that the student loan debt could not be discharged. This error in naming the order from which the appeal was taken should not be fatal where there is no genuine doubt as to who was appealing, to what court, and the date of the judgment entered from which the appeal was taken was provided.

The deficiency notice from the Bankruptcy Clerk's Office did not clearly put Appellant on notice as to a specific deadline for correcting the mistake. Appellee points out that *the docket* "indicated that [Appellant] was to respond to the Notice of Deficiency by July 11, 2011." Doc. 2, p. 2. Appellant points out that the Notice he received did not provide a date for correcting the error. Doc. 3, p. 3. Appellant does not specifically deny knowledge of the contents of the docket, but does state that because he is *pro se* and not an attorney, he is "not required by rule, regulation, or otherwise to utilize the electronic court systems, which [was] the only location a respond by date was indicated." *Id.*

The docket sheet on ECF reflects the following notation in case 09-04012-LMK, doc. 70: "Notice of Deficient Filing. The following items have been found to be either deficient or missing: Discrepancy re title of order being appealed and date entered on docket (Re: 69 Notice of Appeal). Responses due by 7/11/2011. (McClure, M.) (Entered: 07/05/2011)." The actual Notice, however, only directs that the deficiency be cured immediately, without providing a time limit. It is accepted that a pro se Appellant would have received the Notice by mail, and was not aware of the July 11th deadline.

That being the case, the amended notice of appeal should be construed liberally to accomplish its aim: to correct the incorrect title of the order from which the appeal is taken provided in the original notice.  This is not the case of an amended notice having been filed in an attempt to circumvent Rule 8002's time limit.  The amended notice was not seeking to "add parties or claims long after the proper period had expired."  The amended notice of appeal merely identified the title of the order being appealed as the June 17, 2011, order granting Final Judgment for Defendant.  Doc. 1-5.

In light of the foregoing, it is respectfully **RECOMMENDED** that Appellee's motion to dismiss the appeal as untimely, doc. 2, be **DENIED** and the Appellant be provided a deadline in which to file the brief as required by Rule 8009, with applicable deadlines as provided under Rule 8009 for filing of Appellee's brief.

**IN CHAMBERS** at Tallahassee, Florida, on September 7, 2011.


    S/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**