IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**ANDRE JEFFERSON HOLMES,**

    Appellant,

vs.                                                Case No. 4:11cv390-WS/CAS

**EDUCATIONAL CREDIT
MANAGEMENT CORPORATION,**

    Appellee.

_____/

## SECOND REPORT AND RECOMMENDATION[1]

This matter is before me on appeal from the United States Bankruptcy Court, Northern District of Florida. Appellant, who is *pro se*, filed his brief, doc. 7, and Appellee filed a response brief, doc. 8, with an amended certificate of service, doc. 9, and Appellant file a reply brief, doc. 10. The case is referred to me for entry of a report and recommendation.[2]

---

[1] The first report and recommendation, doc. 4, was entered solely as to the appellee's motion to dismiss appellant's appeal. The appeal was deemed to be timely filed, docs. 4 and 5, and a briefing schedule was established. Doc. 6.

[2] A federal district court has jurisdiction to hear appeals from final judgments, orders and decrees of bankruptcy courts within its district. 28 U.S.C. § 158(a).

**Procedural Status**

Appellant initiated an adversary proceeding on March 23, 2009, and filed a complaint against Sallie Mae, Inc., to determine the dischargeability of student loans. Doc. 7, p. 5.  Appellant served process on Sallie Mae, and after expiration of the time for filing a response, Appellant filed a motion for default on April 28, 2009.  *Id.*, at 6. Appellant was advised at the time of filing that a motion to intervene had been filed by Appellee Educational Credit Management Corporation, so on the following day, Appellant filed a motion to deny the motion to intervene.  *Id.*  The motion to intervene was granted, and Appellant filed a motion for reconsideration.  *Id.*, at 6-7.  After a hearing on the motion, it was denied.  *Id.*, at 7.

Thereafter, the Bankruptcy Court held a trial on the undue hardship issue.  Doc. 8, p. 8.  On June 17, 2011, the Bankruptcy Court entered judgment in favor of Appellee, finding that Appellant's student loan debt owed to the Defendant Educational Credit Management Corporation was "not dischargeable under 11 U.S.C. § 523(a)(8)."  Doc. 1-2, p. 1.  The notice of appeal filed by the *pro se* Appellant was filed on July 1st, on the fourteenth day.[3]  *See* docs. 4, 5, and doc. 1-1.  Appellant's notice of appeal referenced

---

[3] Pursuant to Rule 8002(a), a "notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from." Fed.R.Bankr.P. 8002(a).  Appellee argues in the response brief that it is unclear whether Appellant timely file the appeal.  Doc. 8, p. 6, n.1.  Appellee states that pursuant to local court rule 87.1, a bankruptcy appeal should have been filed within 10 days rather than the 14-day period established in Bankruptcy Rule 8002(a).  That specific argument was not raised in the motion to dismiss, doc. 2.  Rule 8002(a) was amended in 2009 and increased the time period from 10 days to 14 days; the Court's local rules have not yet been amended.

Case No. 4:11cv390-WS/CAS

the correct date of the entry of judgment, but identified a different order by title.[4]  Doc. 1-13.  The prior report and recommendation concluded that Appellant had demonstrated a timely intent to appeal and had substantially complied with the requirements of the rule.  Appellant initially designated six issues on appeal, doc. 1-4, but now presents four issues: (1) whether the Bankruptcy Court committed error in applying FED. R. CIV. P. 24; (2) whether the Bankruptcy Court erred in accepting Appellee's subject matter debt holder assertions in granting the motion to intervene; (3) whether the Bankruptcy Court erred in failing to require Appellee to produce evidence of service of process; and (4) whether the Bankruptcy Court error in denying Appellant's motion for default judgment.  Doc. 7, pp. 4-5.  The first two issues concern the Bankruptcy Court's order which granted the Appellee's motion to intervene, and the remaining two issues concern the denial of Appellant's motion for a default judgment.  *See* doc. 8, p. 6.

**Standard of Review**

A United States District Court has authority to function as an appellate court in reviewing decisions of the United States Bankruptcy Court.  28 U.S.C. § 158(a);  In re Colortex Industries, Inc., 19 F.3d 1371, 1374 (11th Cir. 1994).  "The Court reviews 'the bankruptcy court's factual findings for clear error and its resolution of any legal questions de novo.' "  Coady v. D.A.N. Joint Venture III, L.P. ( In re Coady), 588 F.3d 1312, 1315 (11th Cir. 2009), *quoted in* In re Fontainebleau Las Vegas Holdings, LLC,

---

[4] Appellant's notice identified the appeal as pertaining to the order "granting Defendant's motion to intervene and denying Plaintiff's motion to deny third party's motion to intervene."  Doc. 1-1.  Appellant identified that order as having been entered on June 17, 2011, *Id.*, although the order referenced by title was not entered on June 17, 2011, but was instead entered on May 8, 2009.  Doc. 1-13.  An amended notice of appeal was filed, clarifying that the order appealed was the June 17, 2011, order granting Final Judgment for Defendant.  Doc. 1-5.

434 B.R. 716, 747 (S.D.Fla. 2010); *see also* In re JLJ, Inc., 988 F.2d 1112, 1113 (11th Cir. 1993) (noting *de novo* review of the legal conclusions of the Bankruptcy Court); In re Goerg, 930 F.2d 1563, 1566 (11th Cir. 1991)(accepting the Bankruptcy Court's findings of fact unless they are clearly erroneous); Bankr.Rule 8013.[5]  "For a finding to be clearly erroneous, the Court, 'after reviewing all of the evidence, must be left with the definite and firm conviction that a mistake has been committed.' " Dresdner Bank AG v. M/V Olympia Voyager, 465 F.3d 1267, 1275 (11th Cir. 2006) (internal quotation marks omitted), *quoted in* In re Fontainebleau, 434 B.R. at 747.

**Analysis**

    **Intervention issue**

Orders pertaining to mandatory intervention are subject to *de novo* review. Loyd v. Alabama Dep't of Corr., 176 F.3d 1336, 1339 (11th Cir. 1999).  Issues relating to permissive intervention[6] are reviewed for abuse of discretion. Purcell v. BankAtlantic

---

[5] Rule 8013 provides: "On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."

[6] Federal Rule of Bankruptcy Procedure 7024 incorporates Federal Rule of Civil Procedure 24.  Intervention as a matter of right is Rule 24(a), and permissive intervention is provided for in Rule 24(b).  Pursuant to Rule 24(b), permissive intervention is appropriate when provided for by a federal statute or when a party has a claim or defense sharing a question of law or fact in common with the main action. Purcell v. BankAtlantic Fin. Corp., 85 F.3d at 1513 (analyzing denial of intervention under Fed.R.Civ.P. 24).  "[O]ur task is not to determine whether the factors of Rule 24(b) were present, but is rather to determine whether the trial court committed a clear abuse of discretion in denying the motion. We must affirm under the abuse of discretion standard unless we at least determine that the district court has made a clear error of judgment, or has applied an incorrect legal standard." *Id.* (citations and internal quotation marks omitted).

Case No. 4:11cv390-WS/CAS

Fin. Corp., 85 F.3d 1508, 1513 (11th Cir. 1996).  Appellee contends that it "fits squarely into the criteria for either type of intervention."  Doc. 8, p. 4.  The Bankruptcy Court's amended order granting Appellee's motion to intervene stated only that "[a]fter due consideration of the case file," the motion was granted.  Doc. 1-12.  It is unknown whether Appellee was allowed to intervene as a matter of right or permissively.

For a party to intervene as a matter of right, four requirements must be shown: (1) that a motion to intervene is timely; (2) an "interest relating to the property or transaction which is the subject of the action;" (3) that a party "is so situated that disposition of the action, as a practical matter, may impede or impair [an] ability to protect that interest; and (4) the party's interest would be inadequately represented by the existing parties in the suit.  Fox v. Tyson Foods, Inc., 519 F.3d 1298, 1302-1303 (11th Cir. 2008) (other citations omitted).  All four requirements must be met, and the party moving for intervention has the burden of proof.  See Sierra Club, Inc. v. Leavitt, 488 F.3d 904, 910 (11th Cir. 2007).  Here, all four requirements are challenged by the parties.

The timeliness factor is met because Appellee filed the motion to intervene on April 23, 2009, prior to the 30 day deadline for the defendant to file an answer.  Doc. 1-18.  Under Rule 7012, a defendant shall "serve an answer within 30 days after the issuance of the summons."  Appellee's motion was filed on the 29th day after a summons was issued.  Doc. 1-18.  Timeliness[7] is a flexible concept, and "not a word of

---

[7] The four factors to consider when determining timeliness is "(1) the length of time during which the proposed intervenor knew or reasonably should have known of the interest in the case before moving to intervene; (2) the extent of prejudice to the existing parties as a result of the proposed intervenor's failure to move for intervention as soon as it knew or reasonably should have known of its interest; (3) the extent of

exactitude or of precisely measurable dimensions." Georgia v. U.S. Army Corps of Engineers, 302 F.3d 1242, 1259 (11th Cir. 2002). Appellant's argument that the motion to intervene was not timely filed because it was "after the statutory time period lapsed" is incorrect. *See* doc. 7, p. 9. There is no specific unit of time that is given to determine timeliness but, rather, it is measured by assessing prejudice. Puerto Rico Telephone Co. v. Sistema de Retiro de los Empleados del Gobierno y la Judicatura, 637 F.3d 10, 16 (1st Cir. 2011), *citing to* Zurich Capital Markets, Inc. v. Coglianese, 236 F.R.D. 379, 384–85 (N.D.Ill.2006) (motion to intervene filed over two years after putative intervenor was on notice that its interests might be impaired by suit found timely where plaintiff could point to no prejudice from the delay) (other citations omitted). The motion to intervene was filed prior to the answer deadline, there was no prejudice to Appellant, and the motion to intervene was timely filed.

The second requirement of having an "interest relating to the property or transaction which is the subject of the action" is met because Appellee is the guarantor for the student loan between Appellant and Sallie Mae, Inc., the defendant named in the adversary proceeding. "Without question, the guarantor of Plaintiff's student loan has a substantial interest in a legal proceeding seeking to discharge that loan." Matthews v. Educational Credit Management Corp., 449 B.R. 265, 271 (E.D.Ky. 2011) (finding that a party's "rights as assignee of the guarantor are alone sufficient to permit it to intervene as a matter of right, regardless of any other rights it may or may not have as lender or of

---

prejudice to the proposed intervenor if the motion is denied; and (4) the existence of unusual circumstances militating either for or against a determination that their motion was timely." Georgia, 302 F.3d at 1259. Here, Appellee did not delay in moving to intervene.

the default judgment against Sallie Mae.").  It is insignificant that Appellee was not the holder of the student loan on April 23, 2009, as the motion asserted Appellee "is the current holder or will soon be the holder of the subject loan."  Doc. 5 (original case).  It is not disputed that Appellee *is* currently the holder, *see* doc. 7, p. 10, and by the time the motion was granted by the Bankruptcy Court in May, 2009, Appellee *was* the current holder.  *See* doc. 7, p. 17.  Appellee has a legal interest in the property which is the subject of the litigation.

The third requirement is also met.  Appellee, as the holder of a student loan, would be directly impacted by a challenge to discharge that loan.

The final requirement is met as well.  Appellee's interest would not be adequately represented by Sallie Mae because that company was only the servicer for the debt between the lender of Appellant's student loan and not the holder of the loan.  As a servicer, Sallie Mae held no interest in the student loan debt.  "[A] guarantor's interest in a loan is separate and distinct from the lender's interest."  Matthews v. Educational Credit Management Corp., 2011 WL 4015682, at *3 (E.D.Ky. 2011), *citing* Miller v. Pennsylvania Higher Education Assistance Agency ( In re Miller), 275 B.R. 271, 273 (Bankr.E.D.Tenn. 2002); Garmhausen v. Sallie Mae Servicing Corp. (In re Garmhausen), 262 B.R. 217, 222–223 (Bankr.E.D.N.Y. 2001); United States v. Eckard, 200 B.R. 152, 154 (Bankr.N.D.Ohio 1996).  Furthermore, if Sallie Mae is not the holder of a student loan, there is no debt *due* to Sallie Mae.  *See* In re Srinivasan, 2010 WL 3633062, at *3 (Bkrtcy.D.N.J., 2010) (holding that debtor did not owe a debt to Sallie Mae, Inc., and denying the application by the debtor for entry of judgment by default against Sallie Mae, Inc.).  The debt in this case would have been due to United Student

Aid Funds, Inc. Doc. 1-16. Thus, Appellee's interest could not have been represented by Sallie Mae. Appellee's motion to intervene was correctly granted as a matter of right and the Bankruptcy Court did not commit an error of law.[8]

Furthermore, Appellant makes an unsupported argument that the Bankruptcy Court "committed an error of law or an abuse of discretion in accepting ECMC's unsubstantiated subject matter debt holder assertions in granting motion to intervene." Doc. 7, p. 5. Appellant has provided evidence of that fact and shown that on April 24, 2009, United Student Aid Funds, Inc. assigned "its rights, title, and interest in those student loans" borrowed by Appellant. Doc. 7, ex. A (doc. 7, pp. 17-18). This argument is without merit and no error has been shown.

**Service issue**

Appellant argues that the Bankruptcy Court erred in not requiring Appellee to produce evidence of service of process. Doc. 7, p. 5. Appellant contends that "despite a formal request to the [Bankruptcy Court], he never received service" of Appellee's motion to intervene. Doc. 7, p. 11, *citing to* doc. 15, p. 2. The motion to intervene includes a certificate of service certifying that a copy of the motion was furnished to Appellant at 8335 Hinsdale Way, Tallahassee, FL 32312, which was his "usual place of abode." Doc. 1-16. Appellant's address of record in this case is the address listed on the certificate of service. Konst v. Florida East Coast Ry. Co., 71 F.3d 850, 851 (11th Cir. 1996) (stating "The 'presumption of receipt' arises upon proof that the item was properly addressed, had sufficient postage, and was deposited in the mail.); *see also*

---

[8] Concluding that mandatory intervention was correct under *de novo* review, there is no need to consider whether permissive intervention was also permissible.

Hoffenberg v. C.I.R., 905 F.2d 665, 666 (2d Cir. 1990) (concluding that "[a] properly addressed piece of mail placed in the care of the Postal Service is presumed to have been delivered."), *citing* Mulder v. Commissioner, 855 F.2d 208, 212 (5th Cir. 1988). This presumption is rebuttable, but Appellant has not overcome it. The motion to intervene was filed on April 23, 2009, and Appellant filed his opposition to that motion six days later on April 29th. Doc. 1-14. The Bankruptcy Court entered an amended order granting intervention, having considered Appellant's responses. There was no prejudice to Appellant who was promptly advised of the motion, was able to review it, and able to respond to the motion. No error has been shown in not requiring proof of service of process.

**Default issue**

Appellant filed a motion for entry of Clerk's default on April 28, 2009. Doc. 1-15. Appellant contends the Bankruptcy Court erred in not granting that motion. Doc. 7, p. 5. While Appellant presented this as a statement of the issues on appeal, Appellant did not provide any argument as to why the court erred, nor does Appellant specify the underlying facts upon which he bases his argument. Notwithstanding, Appellee attached a copy of an answer (Exhibit A) to the motion to intervene in compliance with Rule 24(c).[9] Thus, an answer to Appellee's complaint was filed prior to the answer deadline as explained above and there was no default. Entry of default is appropriate

---

[9] Federal Rule 7024 of the Bankruptcy rules state that Rule 24 applies in adversary proceedings.

Case No. 4:11cv390-WS/CAS

when there has been a failure to plead or otherwise defend.[10]  Appellee filed the answer and defended in the adversary proceeding and, therefore, there was no default.

**RECOMMENDATION**

As Appellant has failed to establish a basis for reversible error, the orders of the Bankruptcy Court should be **AFFIRMED**.

**IN CHAMBERS** at Tallahassee, Florida, on April 4, 2012.


S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[10]  Federal Rule 7055 of the Bankruptcy rules state that Rule 55 applies in adversary proceedings.  Rule 55 states: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

Case No. 4:11cv390-WS/CAS